IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| PATRICIA SILVERBERG and JOEL SILVERBERG | ) ) ) |
| Plaintiffs, | ) ) CIVIL ACTION FILE |
| v. | ) NO. 1:06-CV-2656-GET ) |
| KLM ROYAL DUTCH AIRLINES | ) ) |
| Defendant. | ) |

**DEFENDANT'S FIRST SUPPLEMENT TO INITIAL DISCLOSURES**

COMES NOW Defendant KLM Royal Dutch Airlines and supplements its initial disclosures as noted below:

(1) If the defendant is improperly identified, state defendant's correct identification and state whether defendant will accept service of an amended summons and complaint reflecting the information furnished in this disclosure response.

**RESPONSE:** The Defendant is correctly identified.

(2) Provide the names of any parties whom defendant contends are necessary parties to this action, but who have not been named by plaintiff. If defendant contends that there is a question of misjoinder of parties, provide the reasons for defendant's contention.

**RESPONSE:** Defendant is unaware of any unnamed necessary parties at this time and does not contend that there is a question of

misjoinder of parties. Defendant reserves the right to supplement this response if any necessary parties are identified as discovery progresses.

(3) Provide a detailed factual basis for the defense or defenses and any counterclaims or crossclaims asserted by defendant in the responsive pleading.

**RESPONSE:** The bases for the affirmative defenses raised in the Defendant's answer are set forth in each defense itself. In further response, Defendant states that Plaintiff Patricia Silverberg was standing in the aisle when she allegedly fell and injured her knee during turbulence. Defendant reserves the right to supplement these responses as discovery progresses.

(4) Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which defendant contends are applicable to this action.

**RESPONSE:** Convention for the Unification of Certain Rules for International Carriage by Air, Done at Montreal on 28 May 1999 ("Montreal Convention"), *reprinted in* S. Treaty Doc. 106-45, CCH Av. L. Rep. ¶ 27,400-59, 1999 WL 33292734, and case law interpreting this treaty including, but not limited to:

Air France v. Saks, 470 U.S. 392, 105 S. Ct. 1338 (1985) (basic case discussing liability requirements);

<u>Tseng v. El Al Israel Airlines</u>, 525 U.S. 155, 119 S. Ct. 662 (1999); and

<u>Helfet v. Pan American World Airways</u>, 12 Av. Cas. 17,247 (N.Y. Sup. Ct. Bronx County 1972).

(5) Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information relevant to disputed facts alleged with particularity in the pleadings, identifying the subjects of the information. (Attach witness list to Responses to Initial Disclosures as Attachment A).

**RESPONSE:** <u>See</u> Attachment "A". Defendant reserves the right to supplement this list, as necessary, as discovery progresses.

**FIRST SUPPLEMENTAL RESPONSE:** Defendant supplements its witness list in Attachment "A" to identify Katrin Schramm.

(6) Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in F.R.Civ.P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule. (Attach expert witness list and written reports to Responses to Mandatory Disclosures as Attachment B).

**RESPONSE:** Defendant has not yet determined the identity of any expert witness or witnesses it may call or have present at trial. Defendant reserves the right to name such an expert or experts in the future and will supplement its disclosures accordingly.

**FIRST SUPPLEMENTAL RESPONSE:** Defendant identifies Dr. Byron D. Rosenstein as an expert witness for trial. Dr. Rosenstein's expert report is attached hereto as Attachment B in accordance with Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure.

(7) Provide a copy of, or description by category and location of, all documents, data compilations, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information. (Attach document list and descriptions to Initial Disclosures as Attachment C).

**RESPONSE:** See Attachment "C". Defendant reserves the right to supplement this list, as necessary, as discovery progresses.

(8) In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying under F.R.Civ.P. 34. (Attach any copies and descriptions to Initial Disclosures as Attachment D).

**RESPONSE:** Not applicable.

4

(9) If defendant contends that some other person or legal entity is, in whole or in part, liable to the plaintiff or defendant in this matter, state the full name, address, and telephone number of such person or entity and describe in detail the basis of such liability.

**RESPONSE:** None at this time; however, Defendant specifically reserves the right to amend its response to this disclosure if any such person or entity is subsequently identified.

(10) Attach for inspection and copying as under Fed.R.Civ.P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments to satisfy the judgment. (Attach copy of insurance agreement to Responses to Initial Disclosures as Attachment E).

**RESPONSE:** This claim is covered by an insurance policy that provides coverage for an amount in excess of the amount sought by the Plaintiffs in the Complaint. No denial of coverage or reservation of rights has been issued by the Defendant's insurers.

This the 20th day of August, 2007.

SOMMERS, SCRUDDER & BASS LLP

/s/ Keith Whitesides
Matthew P. Lazarus
Georgia Bar No. 441590

5

Case 1:06-cv-02656-GET   Document 28   Filed 08/20/07   Page 6 of 17

Keith Whitesides
Georgia Bar No. 756033
900 Circle 75 Parkway
Suite 850
Atlanta, Georgia 30339-3053
mlazarus@ssblaw.net

- **and** -
CONDON & FORSYTH LLP
7 Times Square
New York, New York 10036
(212) 490-9100

**Attorneys for Defendant
KLM Royal Dutch Airlines**

**CERTIFICATE OF SERVICE**

I hereby certify that on August 20, 2007, I electronically filed the foregoing **DEFENDANT'S FIRST SUPPLEMENT TO INITIAL DISCLOSURES** with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorney of record:

**Richard C. Mitchell, Esq.**

This the 20th day of August, 2007.

/s/Keith Whitesides
Keith Whitesides

**Attachment A**

Purser M. Son
KLM Royal Dutch Airlines
Schiphol Airport
Amsterdam, The Netherlands
(knowledge of Flight KLM 621 from Amsterdam, The Netherlands, to Atlanta, Georgia on September 15, 2005)

Plaintiff Patricia Silverberg
(knowledge of flight, alleged incident, and alleged injuries and damages)

Plaintiff Joel Silverberg
(knowledge of flight, alleged incident, and alleged injuries and damages)

Plaintiff Patricia Silverberg's Employer
(knowledge of days missed from work, pay, and other information which may be relevant to lost wage claim)

Physicians and other healthcare providers who provided care to Plaintiff Patricia Silverberg including Dr. Alvin Wilson and Dr. Jonathan York
(knowledge of nature and extent of alleged injuries and treatment for same)

Katrin Schramm
Benediktinerweg 2
96231 Bad Staffelstein/Germany
(knowledge regarding events on flight)

Defendant has not yet identified any other individuals who are likely to have information relating to Plaintiffs' alleged injuries and damages. Defendant's investigation into this matter is continuing, and Defendant reserves the right to supplement this response at a later date.

**Attachment B**

Dr. Byron D. Rosenstein's written report, CV, and rate schedule for deposition and trial testimony are attached. Dr. Rosenstein's fee for the independent medical evaluation and report was $750.00. Dr. Rosenstein has not testified as a retained expert witness at trial or by deposition within the preceding four years. He has testified as a treating physician.

**St. Josephs Resurgens Orthopaedics**
**5671 Peachtree-Dunwoody RoadSuite 700**
**Atlanta, GA 30342**
**(404)847-9999**

Patient:   PATRICIA SILVERBERG              EMRN:382100
           572 BRADFORD PL                  Age:38
                                            DOB: 03/08/1969
           LOGANVILLE, GA 30052
                                            Home:
Encounter Date: May 23 2007 1:00PM          Work:
Provider:Byron D. Rosenstein MD

**HISTORY:** This 38-year-old right-handed underwriter comes for independent medical evaluation regarding right knee problems. She describes an injury suffered in mid September where she was on a plane standing in the aisle, holding a baby in her arm, reaching to the overhead bin, when with turbulence, she was shaken and twisted her knee, actually falling into the seat followed by marked pain and swelling. She had ongoing problems with buckling. The knee swelled severely the next day. She was seen by her Kaiser physician and treated conservatively but with ongoing problems. Ultimately, she saw Dr. York. MRI confirmed ACL tear and medial meniscus tear. Ultimately, a little more than 2 months from her injury, on November 22, 2005, she underwent ACL reconstruction with allograft and partial medial meniscectomy. The surgery was uncomplicated, and the patient describes good result from the surgery having undergone rehabilitation with good return to her desired functions, which include swimming, travel, and caring for her child. The issue over the IME is regarding prognosis and causation. The patient steadfastly denies any prior knee problems whatsoever, and she presently feels great with only a mild occasional grinding about the kneecap, which she thinks is unrelated to her injury and does not bother her. She describes no desire for cutting sports. She does have an office-type computer desk job and has noted a little bit of prominence of the metal at the medial proximal tibia, but it does not bother her enough to desire any treatment.

**PAST MEDICAL HISTORY:** Her general health is notable for bipolar disease. She denies other chronic medical problems.

**PAST SURGICAL HISTORY:** Her only other surgeries have been a couple of C-sections in 2002 and 2004.

**MEDICATIONS:** Baseline meds include 3 for that problem, Abilify, Lamictal, and Mirapex. She also take birth control and occasional alprazolam for irritability.

**ALLERGIES:** She denies allergy.

**FAMILY HISTORY:** She denies any relevant family history.

**SOCIAL HISTORY:** She does not smoke or drink. She lives with her husband of 9 years and their 2 children.

Patient:         PATRICIA SILVERBERG
Encounter:       May 23 2007 1:00PM                         EMRN:    382100
Treating Physician: Byron D. Rosenstein MD

**REVIEW OF SYSTEMS:** Review of systems is otherwise completely noncontributory. She has lost some weight from the time of the injury, down from about 260 to her present of 229.

**PHYSICAL EXAMINATION:** On physical exam, she is 5 feet 5 inches and 229 pounds. She is independently ambulatory. Well-healed incisions about the right knee. Hip motion is smooth and painless. She is well muscled without obvious atrophy, and there is 0 to 135 degrees of motion at the right knee with excellent stability and well functioning ACL graft. No effusion. No joint line tenderness. Mild patellar crepitus, but this is actually asymptomatic and equal to the uninvolved left side. Skin and neurologic status are intact. Pulses are normal. Gait and stance are smooth.

**X-RAYS:** X-rays of the knee are not obtained. I do have an MRI scan of the knee from 2005, at the time of the injury, which confirms an ACL tear and a medial meniscus tear with a lateral bony contusion.

Other information available for review today is a large pack of medical records, which is essentially consistent with the patient's history. There are several depositions and also included are notes from the initial treating physician, Dr. Wilson, where the patient subjectively describes the injury happened as she was sitting in her chair.

**IMPRESSION:**     Good result of right anterior cruciate ligament reconstruction and partial medial meniscectomy with mild residual prominent metal and mild baseline chondromalacia.

**DISPOSITION:** I think this patient has had excellent medical care, and I would not recommend any further intervention at this point, other than maintaining, in general, a knee friendly lifestyle, good weight, good supportive shoes, etc. She should be safe for any and all activities. If the prominent staple bothers her in the future, it could be removed fairly straightforwardly as an outpatient, although this would only be recommended if the patient desires and is certainly not necessary. Otherwise I think the prognosis for this knee is excellent. Regarding the causation of the injury, it seems fairly clear-cut that it did occur on the plane, with absolutely no suggestion of prior ACL injury. Bony contusion on the MRI, swelling within 24 hours of the injury, and giving way are all quite consistent with the same. No treatment rendered today as this was an independent evaluation only.

cc:   Matthew Lazarus

Patient:     PATRICIA SILVERBERG
Encounter:   May 23 2007 1:00PM                    EMRN:   382100
Treating Physician: Byron D. Rosenstein MD

Attorney-At-Law
Sommers, Scrudder and Bass, LLP
900 Circle 75 Parkway, Suite 850
Atlanta, GA 30339-3053

670/wz918sm D: 05/23/2007 / T: 05/30/07 Job#349882 jw

Electronically signed by: Byron D Rosenstein MD Jun 4 2007 5:43PM EST

# CURRICULUM VITAE

## Byron David Rosenstein, M.D.

**EDUCATION:**

| | |
|---|---|
| 9/74- 6/78 | Bachelor of Science in Zoology, University of Michigan, Ann Arbor, Michigan |
| 9/78- 6/82 | Doctor of Medicine, Northwestern University Medical School, Chicago, Illinois |
| 7/82- 6/83 | Internship in Surgery, University of North Carolina School of Medicine, Chapel Hill, North Carolina |
| 7/83- 6/84 | Full-time research resident, Orthopaedic Research Laboratory, University of North Carolina School of Medicine, Chapel Hill, North Carolina |
| 7/84- 6/88 | Clinical resident in Orthopaedic Surgery, University of North Carolina School of Medicine, Chapel Hill, North Carolina |
| March, 1985 | Prosthetics Course, Rehabilitation Institute of Chicago, Northwestern University Medical School, Chicago, Illinois |

**HONORS:**

| | |
|---|---|
| 1975 | William J. Branstrom Freshman Prize, University of Michigan, Ann Arbor, Michigan |
| 1978 | High Honors in Zoology, University of Michigan, Ann Arbor, Michigan |
| 1980 | President, Northwestern University Medical School Chapter, American Medical Student Association |
| 1982 | Alpha Omega Alpha, Northwestern University Medical School |
| 1988 | William C. Patton Award for Excellence in Teaching |

Page 2
CURRICULUM VITAE
Byron David Rosenstein, M.D.

**MEDICAL LICENSURE:**
State of Georgia License # 030871

**CERTIFICATIONS:**
American Board of
OrthopaedicSurgery, July 13, 1990
Recertified, 2000 – 2010

**MEMBERSHIP IN PROFESSIONAL ORGANIZATIONS:**
Atlanta Orthopaedic Society
Georgia Orthopaedic Society
American Academy of Orthopaedic Surgeons

**HOSPITAL AFFILIATIONS:**
Northside Hospital
Saint Joseph's Hospital
Crawford Long Hospital

**PUBLICATIONS:**
Henderson, R.C., Rosenstein, B.D.: Salmonella Septic and Aseptic Arthritis in Sickle Cell Disease, A Case Report. Clinic. Orthop. and Related Research, 248:261-264, November, 1989.

Lachiewicz, P.F., McCaskill, B., Inglis, A., Ranawat, C.S., Rosenstein, B.D.: Total Hip Arthroscopy in Juvenile Rheumatoid Arthritis, Two to Eleven Year Results. J. Bone and Joint Surg., 68-A:502-508, April, 1986.

Lachiewicz, P.F., Rosenstein, B.D.: Long Term Results of Harris Total Hip Replacement. J. Arthroplasty, 1:229-236, December, 1986.

Lowery, W.D., Thomas C.G., Jr., Awbery, B.J., Rosenstein, B.D., Talmage, R.V.: The Late Effect of Subtotal Thyroidectomy and Radioactive Iodine Therapy on Calcitonin Secretion and Bone Mineral Density in Women Treated for Graves' Disease. Surgery, 100:1142-49, December, 1986.

Page 3
# CURRICULUM VITAE
Byron David Rosenstein, M.D.

McNamara, J.A., Foster, D.L., Rosenstein, B.D.: <u>Eruption of the Deciduous Dentition in the Rhesus Monkey.</u> J. Dent. Res., 56:701, 1977.

Rosenstein, B.D., Greene, W.B., Herrington, R.T., Blum, A.S.: <u>The Effect of Ambulatory Status on Bone Density in Myelomeningocele.</u> Dev. Med. Child Neur., 29(4):486-494, 1987.

Rosenstein, B.D., Wilson, F.C., Funderbuck, C.H.: <u>The Use of Bacitracin Irrigation to Prevent Infection in Postoperative Skeletal Wounds. An Experimental Study.</u> J. Bone and Joint Surg., 71A: 427-430, March 1989.

Rosenstein, B.D. M.D., Winzeler, A.W., <u>Non-Steroidal Anti-inflammatory Drugs: A Review.</u> AAOI-IN Journal., (p.253-260) May 1998.

Rosenstein, B.D., Winzeler, A.W., <u>Orthopedic Problems of the Upper Extremities: Assessment and Diagnosis.</u> AAOHN Journal. (p. 188-200) April 1997.

Rosenstein, B.D., Winzeler, A.W., <u>Occupational Injury and Illness of the Thumb: Causes and Solutions.</u> AAOHN Journal. (p. 487-492) October 1996.

## PRACTICE HISTORY:

| | |
|---|---|
| 1/98 – Present | Resurgens Orthopaedics, PC, Atlanta, GA |
| 6/89 – 7/98 | Solo Practice, Atlanta, GA |
| 7/88 – 6/89 | Smyrna Orthopaedics & Sports Medicine, Smyrna, GA |


RESURGENS
ORTHOPAEDICS
*An affiliate of Ortho...*

## Deposition Scheduling Form for Byron Rosenstein, M.D.

Patient's Name _____     Account # _____

Attorney's Name _____     Phone # _____

Date of Deposition _____     Time _____ am/pm

Is consultation requested prior to deposition?   _____ Yes   _____ No

If yes, date and time of consultation: Date _____   Time _____ am/pm

*Attorney has been advised and understands he/she is responsible for all costs incurred for the doctor's deposition and will be required to pay the minimum 1-hour fee at least one week prior to the deposition.*

Signature Requested _____

### Description and Fees for Testimony

| Description | Fee |
|---|---|
| Review of Patient Records and Preparation for Deposition  CPT Code 99080 | $250.00 |
| 30 Minute Consult With Attorney Regarding Patient  CPT Code 99361 | $500.00 |
| One Hour Medical Testimony | $1000.00 |
| One Hour Medical Testimony (Video)  CPT Code 99075 | $1500.00 |

*Since the doctor's schedule with patients is restricted to accommodate a deposition, our minimum fee for a deposition is $1000.00 for the first hour or part thereof; $250.00 for each 15 minutes thereafter. Video deposition for the first hour is $1500.00; $250.00 for each 15 minutes thereafter. Checks should be made payable to: Byron Rosenstein, MD.*

In addition, if the scheduled deposition is cancelled less than 3 business days preceding the appointed time, a $1000.00 charge will be levied against the attorney who scheduled the deposition or greater if a longer deposition has been scheduled. All cancellations should be in writing on attorney's letterhead.

Signature Requested _____

### Written Confirmation Required

Confirmation in written form on the attorney's letterhead to include the date, time, and place stating that he/she understands and will comply with our office policy regarding depositions and consults must be received before a deposition can be posted on the physician's calendar.

Initials of Scheduling Receptionist _____
Date copy sent to attorney _____

5671 Peachtree-Dunwoody Road • Suite 700 • Atlanta, GA 30342 • phone: 404-847-9999 • fax: 404-531-8466 • www.resurgens.com

This fax was received by GFI FAXmaker fax server. For more information, visit: http://www.gfi.com

## Attachment C

KLM Cabin Inflight Report

Computer print-out of Passenger History for September 15, 2005

Communications between Plaintiffs and KLM's and Northwest Airlines' representatives including letters and emails

Medical bills, receipts, and other documentation of medical expenses incurred by Plaintiffs

Medical records of Plaintiff Patricia Silverberg

Tax returns of Plaintiffs.